Hill, P. J.
The State Tax Commission has disallowed petitioner’s claim to deduct from his ordinary income a" loss of $24,875 which he suffered in connection with the purchase and sale of real property. Section 360 of the Tax Law (subds. 4-6) excludes capital losses from consideration in computing ordinary income. Section 360-a permits such losses to be deducted from capital gains. In 1925 petitioner purchased unproductive real property located in Queens County for $25,000; he permitted taxes aggregating $13,000 or $14,000 to accumulate by 1941, when he offered to abandon the property by *388 conveying it to the city of New York. The offer, which was made in writing, stated that he regarded the property as worthless. The city rejected the offer. He then sold the property at auction for $125. It is asserted that the amount received is so trivial that there was an abandonment.
There are no authorities in this State involving a comparable situation, so we turn to the Federal decisions.
“ The rule to be deduced from ‘ abandonment ’ cases, we think, is that a deduction should be permitted where there is not merely a shrinkage of value, but instead, a complete elimination of all value ” (Commissioner of Internal Revenue v. McCarthy, 129 F. 2d 84).
In Blum v. Commissioner of Internal Revenue (133 F. 2d 447) decided in the Circuit Court of Appeals, Second District, the owner of real property subject to a mortgage of $32,000, believing that the equity was valueless, offered to convey it to his attorney without consideration. The latter refused, but arranged with the attorney for the mortgagee bank to take the deed and to pay him $250 as a fee. The opinion states: “ The Commissioner and the Board reached the' conclusion that he suffered a capital loss, in which we concur ” (p. 447), also “We hold that there was no abandonment prior to the sale and no identifiable event which fixed the loss earlier than that date but only a gradual diminution in value resulting in a yield of $250 when the transfer was made. * * * the loss was fixed by the sale and not by abandonment, and accordingly was a capital loss deductible * * * ” (p. 449) from capital gains.
In Helvering v. Hammel (311 U. S. 504) it was determined that a loss suffered following a mortgage foreclosure .was a capital loss, and could not be charged against ordinary income.
The Tax Commission decided that the sale at $125 made the transaction a capital loss and not an abandonment. This is sustained by the foregoing authorities.
The determination should be confirmed, without costs.
Hefpernax, Brewster, Foster and Lawrence, JJ., concur.
Determination confirmed, without costs.